UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, Clayton Johnson, Don Odermann, Jason George, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>           Plaintiffs,<br><br>vs.<br><br>Circle B Excavating, Inc. and Brian Backstrom, individually,<br><br>           Defendants. | Civil File No: _____<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.   Plaintiffs are the Trustees of the Operating Engineers Local #49 Health

and Welfare Fund, the Central Pension Fund of the International Union of Operating

1

Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Circle B Excavating, Inc. ("Circle B Excavating") is a Minnesota business corporation with the registered address of 20975 Engen Boulevard Northwest, Elk River Minnesota 55330. Circle B Excavating is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. Defendant Brian Backstrom ("Backstrom") is an individual and owner/officer of Circle B Excavating who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund. Defendant Backstrom is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject

matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

7. The Funds re-allege and incorporate by reference paragraphs 1-6 herein.

8. At all times material herein, Circle B Excavating was bound to the terms of a Collective Bargaining Agreement between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 ("Collective Bargaining Agreement").

9. Circle B Excavating continues to be bound to the Collective Bargaining Agreement.

10. Backstrom executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement") whereby Circle B Excavating agreed to contribute to the Operating Engineers Local #49 Health and Welfare Fund. The Welfare Participating Agreement also provides that in executing the Welfare Participating Agreement, Backstrom agreed to bind herself individually to the full and faith full performance of the Welfare Participating Agreement.

11. The Welfare Participating Agreement states that Circle B Excavating and Backstrom shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement")

and that Circle B Excavating and Backstrom agree to be bound to the terms of the Welfare Trust Agreement.

12. The Collective Bargaining Agreement and the Welfare Trust Agreement require Circle B Excavating and Backstrom to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

13. The Collective Bargaining Agreement and Welfare Trust Agreement require Circle B Excavating and Backstrom to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Circle B Excavating's monthly payment to the Funds.

14. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the 15th day of the following month.

15. The Collective Bargaining Agreement states that if an employer becomes delinquent, they shall be required to pay as liquidated damages an amount equal to fifteen percent of the payment otherwise due.

16. The Welfare Trust Agreement states that if an employer is liable for liquidated damages in an amount between five and fifteen percent of any contributions submitted after on the twenty fifth day of the month or after.

17. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

18. The Welfare Trust Agreement states that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

19. The Welfare Trust Agreement states that an employer is liable for interest on any unpaid contributions.

**COUNT I**
**BREACH OF CONTRACT/FAILURE TO SUBMIT REPORTS AND CONTRIBUTIONS**

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. Circle B Excavating and Backstrom breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to timely submit the remittance reports and failing to submit the contributions for the period of May 2013 through July 2013.

22. Pursuant to the remittance reports untimely submitted by Circle B Excavating and Backstrom for the period of May 2013 through July 2013, $8,901.67 is due and owing for unpaid contributions. Of this amount, $4,596.85 is due and owing to the Operating Engineers Local #49 Health and Welfare Fund only.

23. Circle B Excavating and Backstrom further breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to timely submit the remittance report and contributions for the month of August 2013.

24. Upon information and belief Circle B Excavating and Backstrom employed individuals during the month of August 2013 for which contributions may be due and owing and continue to do so.

25. Throughout the pendency of this litigation, remittance report forms and contributions will continue to become due on the 15th day of each month.

26. Every month, until this matter is resolved either through dismissal or judgment, Circle B Excavating and Backstrom will be obligated to remit fringe fund report forms as described above as required by the Collective Bargaining Agreement and Welfare Trust Agreement, and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

27. If Circle B Excavating and Backstrom fail to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Circle B Excavating's employees.

28. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

29. Circle B Excavating and Backstrom should be enjoined from further refusal and failure to remit reports and contributions.

## COUNT II
## DAMAGES

30. The Funds re-allege and incorporate by reference paragraphs 1-29 herein.

31.     Circle B Excavating and Backstrom are liable to the Funds for liquidated damages in the amount of fifteen percent of any contributions due and owing for the period of May 2013 through August 2013 and any other month that becomes due during the pendency of this litigation pursuant to the Collective Bargaining Agreement and Welfare Trust Agreement.

32.     The Funds are entitled to liquidated damages under ERISA § 502(g), 29 U.S.C. § 1132(g).

33.     Circle B Excavating and Backstrom are liable to the Funds for all attorneys' fees, service fees, filing fees, court reported fees, and other legal costs and disbursements incurred by the Funds in this action Collective Bargaining Agreement and Welfare Trust Agreement

34.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

35.     Circle B Excavating and Backstrom are liable for interest charges on any unpaid contributions under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants Circle B Excavating, Inc. and Brian Backstrom, as follows:

1.      For judgment against Defendant Circle B Excavating, Inc. in the amount of $10,236.92 for contributions and liquidated damages due and owing for the period of May 2013 through July 2013.

2. For judgment against Defendant Brian Backstrom in the amount of $5,286.38 for contributions and liquidated damages due and owing to the Operating Engineers Local #49 Health and Welfare Fund for the period of May 2013 through July 2013.

3. For an order requiring Defendants to submit to Plaintiffs all remittance report forms for the month of August 2013 accurately and completely identifying all hours worked by their employees.

4. For an order requiring Defendants to submit to Plaintiffs all remittance report forms which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by their employees.

5. For judgment against Defendant Circle B Excavating, Inc. for all amounts to be proven at trial for delinquent contributions shown to be owing to the Plaintiffs pursuant to any remittance reports submitted in connection with this action, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

6. For judgment against Defendant Dennis Backstrom for all amounts to be proven at trial for delinquent contributions to the Operating Engineers Local #49 Health and Welfare Fund shown to be owing to the Plaintiffs pursuant to any remittance reports submitted in connection with this action, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

7. For an award of costs, disbursements and attorney fees according to law.

8. Such other and future relief as the Court deems just, equitable or proper.

Date: September 23, 2013

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED

By:   s/Amy L. Court
    Carl S. Wosmek #300731
    Amy L. Court #319004
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com

*Attorney for Plaintiffs*

694231.DOCX