UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, Clayton Johnson, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>      Plaintiffs,<br><br>vs.<br><br>Circle B Excavating, Inc. and Brian Backstrom, individually,<br><br>      Defendants. | Case No. 13-CV-02614 (PJS/JSM)<br><br><br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR <u>ENTRY OF JUDGMENT</u>** |

This matter came before the undersigned without hearing on Plaintiffs' Motion for Entry of Judgment pursuant to Rules 54, 55, and 65 of the Federal Rules of Civil Procedure. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered,

1

appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## **FINDINGS OF FACT**

1.     Plaintiffs filed a Summons and Complaint in this matter on September 23, 2013. The Summons and Complaint were served upon the Defendants on November 25, 2013.

2.     Circle B and Backstrom failed to file and serve a response or Answer to the Summons and Complaint.

3.     The Clerk entered default on December 23, 2013.

4.     Plaintiffs are Trustees of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5.     The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6.     The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7.     Circle B accepted and agreed to be bound to the terms of a collective bargaining agreement between the Highway, Railroad and Heavy Construction Division of the Associated General Contractors of Minnesota and the International Operating Engineers Local #49 covering the period of May 1, 2011 through April 30, 2014

("Collective Bargaining Agreement").

8. Backstrom executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement").

9. The Welfare Participating Agreement provides that Circle B and Backstrom shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

10. By executing the Welfare Participating Agreement, Backstrom agreed to bind both Circle B and himself individually to the full and faithful performance of the Welfare Participating Agreement.

11. The Collective Bargaining Agreement and Welfare Trust Agreement require Circle B and Backstrom to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement and Welfare Trust Agreement further require Circle B and Backstrom to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with Circle B's and Backstrom's monthly contribution payment.

13. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

14.  Circle B and Backstrom breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to submit the reports and contributions due and owing for the period of May 2013 through January 2014 ("Delinquency Period").

15.  Pursuant to the remittance reports untimely submitted by Circle B and Backstrom for the Delinquency Period, $13,442.22 is due and owing for delinquent contributions.  Of that amount, $6,343.70 is due and owing solely to the Health and Welfare Fund.

16.  The Collective Bargaining Agreement and Welfare Trust Agreement state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

17.  Liquidated damages in the amount of $2,016.33 are due and owing for the Delinquency Period.  Of that amount, $951.56 is due and owing solely to the Health and Welfare Fund.

18.  The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## **CONCLUSIONS OF LAW**

1.  Circle B and Backstrom are in default and the Funds are entitled to entry of a default judgment.

2.  Circle B is liable to the Funds in the amount of $15,458.55 for delinquent contributions and liquidated damages for the Delinquency Period.

3.     Backstrom is liable in the amount of $7,295.26 for delinquent contributions and liquidated damages due and owing solely to the Operating Engineers Health and Welfare Fund for the Delinquency Period.

4.     Circle B and Backstrom are jointly and severally liable to the Funds in the amount of $2,069.11 for attorneys' fees and costs.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein IT IS ORDERED THAT:

1.     Plaintiffs' Motion for Entry of Judgment is GRANTED.

2.     That judgment in the amount of $17,527.66 be entered against the Defendant Circle B Excavating and in favor of the Plaintiffs, and that judgment in the amount of $9,364.37 be entered against the Defendant Brian Backstrom and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: 05/05/14                                                     s/Patrick J. Schiltz
                                                                            The Honorable Patrick J. Schiltz
                                                                            United States District Court Judge